## Sallie Cleland *v.* Borough of Carlisle, Appellant.

*Trial—Verdict—Conduct of jury in averaging amount for verdict.*

Though a jury reaches its verdict by taking the amount·fixed by each juror and dividing the aggregate sum by twelve, it will not be set aside, if it is not manifestly wrong or unjust.

Argued April 25, 1898. Appeal, No. 7, Jan. T., 1898, by defendant, from judgment óf C. P. Cumberland Co., on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BIDDLE, P. J.

At the trial the jury rendered a verdict for $1,003.91.

Defendant moved for a new trial, and at the argument produced in evidence the deposition of W. W. Daron, which was in part as follows :

"I live in the Fourth ward, Carlisle; occupation sexton of the Episcopal church; was tipstaff at September term of court; had charge of the jury in case of Cleland v. Borough of Carlisle; the jury were in room in rear of court room; was sitting on chair in the door, against the door, when they came to the verdict for the plaintiff; I could hear some one of the jurors make a motion that each one put amount that they thought the plaintiff was entitled to on a slip of paper·and that they would drop them in a hat and take the sum of all these amounts, add them together and divide by twelve and agree upon that amount; the motion was seconded, put to a vote and carried; a teller and clerk were appointed and I could hear them reading amounts off ranging from $5.00 up to $4,000 ; these amounts were added together and then divided by twelve, giving the amount $1,003 and some cents; I cannot recollect the number of cents; that was the verdict rendered; immediately after ascertaining said amount they rapped for me and rendered the verdict."

The verdict was rendered about twenty-five minutes after it was agreed upon.

The court overruled the motion for a new trial, and entered judgment on the verdict. Defendant appealed.

*Error assigned* was in not setting aside the verdict and granting a new trial on the ground of the misbehavior of the jury.

*J. W. Wetzel*, with him *L. S. Sadler*, for appellant.—The practice of jurors of marking severally the amount of damages which they individually were in favor of finding for the plaintiff and dividing the aggregate of these amounts by the number of jurors is a reprehensible one. A fair verdict, the deliberate opinion of the jurors upon the evidence, could scarcely in this manner be obtained. Some of the jurors would mark a larger sum than their candid judgment would sanction, in order to make up the expected deficiency of others, and so the honest jurors would be deceived, and a dishonest verdict obtained: Haight v. Hoyt, 50 Conn. 583; Warner v. Robinson, 1 Root (Conn.), 194; Smith v. Cheetham, 3 Caine (N. Y.), 57; Harvey v. Rickett, 15 Johns. 87; Roberts v. Failis, 1 Cowen, 238. The case of Cowperthwaite v. Jones, 2 Dall. 55, does not affirm the naked proposition that a verdict reached by the device complained of is legal. There was no evidence of previous agreement to resort to and abide by the contingent result as a verdict, nor did it appear as in this case that this method was abused by designing jurors fixing an extravagantly high, and ridiculously low sum. The case of Coyle v. Gorman, 1 Phila. 326, is likewise barren of the facts existing in this case, and is not at all in point. The jury may compromise as in the above case, but not agree to adopt a contingent result ascertained by any device or artifice. The case of Kunkel & Millar v. Hughes, 6 Dist. Rep. 356, is clearly not in point. There was no competent evidence in that case to be considered by the court.

A tipstaff is a competent witness to show the facts: Wright v. Abbott, 160 Mass. 395.

*E. M. Biddle, Jr.*, and *F. E. Beltzhoover*, for appellee.—A quotient verdict merely as such, will not be held illegal: Kunkel & Millar v. Hughes, 6 Dist. Rep. 356.

That the verdict is a quotient one is not in itself ground for a new trial, nor will misconduct in the jury in adopting such a verdict be presumed: Coyle v. Gorman, 1 Phila. 326.

In an action of tort it is not ground for a new trial that the jurors each set down a particular sum, divided it by twelve and

returned the quotient as their verdict, in the absence of any fraudulent abuse of the mode adopted: Cowperthwaite v. Jones, 2 Dall. 55.

Error does not lie to the refusal of a new trial: Thompson v. Barkley, 27 Pa. 263; Howser v. Com., 51 Pa. 341; Lance v. Bonnell, 105 Pa. 46.

PER CURIAM, May 9, 1898:

Leaving out of consideration the question whether the deposition of the constable can be regarded as a part of the record and therefore within our cognizance, we see no sufficient reason for interfering with the discretion of the court below in refusing to grant a new trial. · There is certainly no abuse of discretion in the case. The verdict was moderate in amount, and cannot for a moment be regarded as shocking to the sense of justice. It does not necessarily follow that where a jury reaches its verdict by adopting the average amount which is revealed by taking the amount fixed by each juror and dividing the aggregate sum by twelve, it is for that reason entirely invalid, and must be set aside. Unless the result is manifestly wrong and unjust the court is not bound to interfere: Cowperthwaite v. Jones, 2 Dall. 55. Although the jury remained together twenty minutes after the verdict was agreed upon, it does not appear that any juror dissented or expressed dissatisfaction with the verdict as rendered.

Judgment affirmed.